| | | |
|---|---|---|
| DUSTIN HARBIN and JIMMY PRUITT, | ) | |
| on behalf of themselves and the class defined | ) | |
| herein, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-125-TRM-HBG |
| | ) | |
| EMERGENCY COVERAGE CORPORATION | ) | |
| and ACCOUNT RESOLUTION TEAM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Plaintiffs' Motion for Approval of Notice to Certified Class [Doc. 32]. The Defendants have filed a Response [Doc. 36] objecting to the Motion, and the Plaintiffs have filed a Reply [Doc. 37]. Accordingly, for the reasons explained below, the Plaintiffs' Motion [**Doc. 32**] is **DENIED WITHOUT PREJUDICE**.

The Plaintiffs' Motion requests that the Court issue an order directing the Defendants to provide a suitable class list and approve the proposed notice to be sent to class members. The Plaintiffs state that the notice provides all information required by Federal Rule of Civil Procedure 23. Further, the Plaintiffs attached their proposed notice as an exhibit [Doc. 32-1] to the Motion. The Plaintiffs request that notice be sent to individuals who were garnished by Defendant Emergency Coverage Corporation between March 16, 2010, and April 5, 2016.

The Defendants responded [Doc. 36] by requesting that the Court withhold a ruling on Plaintiffs' Motion until after the Court ruled on the Defendants' Motion for Partial Summary Judgment. The Defendants explain that the Plaintiffs seek information regarding a six-year class but that some members may not be parties to this case after the Court rules on the dispositive motion. The Defendants continue that without a ruling on the dispositive motion, information on consumers, who are not parties to this case, could be disclosed. The Defendants argue that sending class notice to consumers who may not have claims would result in confusion. In addition, the Defendants argue that sending class notice prior to the Court's ruling on the dispositive motion could result in an incorrect statement with respect to the details of this case.

The Plaintiffs filed a Reply [Doc. 37] arguing that the Defendants have already raised their statute of limitations defense. Further, the Plaintiffs assert that the illegal garnishments are already on public record and that the Defendants fail to explain what potential consumer information would be disclosed, how notice to consumers would prejudice the Defendants or confuse the consumers, or how sending class notice to consumers who may not fall within the class definition would result in an incorrect statement of this case. Finally, the Plaintiffs assert that even if the Court determines that some consumers' claims fall outside the statute of limitations, this does not mean that said consumers were not subjected to the wrongful garnishment.

The Court notes that on June 20, 2017, the District Judge granted, in part, [Doc. 38] the Defendants' Partial Motion for Summary Judgment. Specifically, the District Judge (1) dismissed Plaintiffs' claims of unjust-enrichment against Defendant Emergency Coverage Corporation, (2) dismissed Plaintiffs' claim for punitive damages, and (3) held that Plaintiffs' unjust enrichment claim is governed by a three-year statute of limitations. Accordingly, due to the District Judge's Order, the undersigned will **DENY WITHOUT PREJUDICE** the Plaintiffs' Motion for Approval

of Notice to Certified Class [**Doc. 32**].   The Plaintiffs may refile their Motion consistent with the

District Judge's Order.

**IT IS SO ORDERED**.

ENTER:

United States Magistrate Judge