UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DUSTIN HARBIN and JIMMY PRUITT, on behalf of themselves and the class defined herein, Plaintiffs, | ) ) ) ) ) | |
| v. | ) | No. 3:16-CV-125-TRM-HBG |
| EMERGENCY COVERAGE CORPORATION and ACCOUNT RESOLUTION TEAM, INC., Defendants. | ) ) ) ) ) ) ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 44] of the District Judge.

Now before the Court is a Joint Motion for an Order Conditionally Certifying Class and Granting Preliminary Approval of Class Settlement Agreement [Doc. 43]. The parties appeared before the Court on November 13, 2017, for a motion hearing. Attorney Alan Lee was present on behalf of the Plaintiffs. Attorney John Lawhorn was present on behalf of the Defendants. Accordingly, for the reasons further explained below, the Court **RECOMMENDS** that the Joint Motion for an Order Conditionally Certifying Class and Granting Preliminary Approval of Class Settlement Agreement [**Doc. 43**] be **GRANTED**.

I.  **BACKGROUND**

The Complaint [Doc. 1] in this case was filed on March 16, 2016. The Complaint alleges that Defendant Emergency Coverage Corporation ("Emergency Coverage") issued garnishments against Plaintiffs' employers in Hamblen County General Sessions Court, requesting post-judgment interest that exceeded the amount allowed under Tennessee state law and resulted in

1

wrongful garnishments. [Doc. 1 at ¶ 1]. Plaintiffs seek restitution in the amounts received by Defendant Emergency Coverage in excess of the legal rate of post-judgment interest, pre-judgment interest on the restitution, and punitive damages. [*Id.*]. In addition, Plaintiffs allege that Defendant Account Resolution Team, Inc., ("ART") violated the Fair Debt Collection Practices Act ("FDCPA") in its illegal efforts to collect consumer debts. [*Id.*].

On March 23, 2017, the District Judge granted [Doc. 29] class certification. Specifically, the District Judge certified the following class:

> (a) All persons sued by Defendants; (b) [i]n the General Session Court of Hamblen County, Tennessee; (c) [t]hat had garnishments issued against their wages that included amounts of post judgment interest or fees that exceed[] the amount allowed under Tennessee state law; (d) [t]hat made payments to Defendants as a result of the wrongful garnishments issued to their employers by garnishment of wages or direct payment to the clerk; (e) [i]n the six years preceding the filing of this action, for all persons as to the state law claims; and (f) [i]n the one year preceding the filing of this action, and on or before a date 20 days after the filing of this action, as to the FDCPA claims.

[Doc. 29]. Later, the District Judge dismissed several of Plaintiffs' claims, including Plaintiffs' unjust enrichment claim against Defendant Emergency Coverage and Plaintiffs' request for punitive damages. [Doc. 38]. In addition, the District Judge found that Plaintiffs' remaining unjust enrichment claim is governed under the three-year statute of limitations provided in Tennessee Code Annotated § 28-3-105. [*Id.*].

On September 28, 2017, the parties filed the instant Motion [Doc. 43]. The instant Motion requests that the Court (i) preliminarily approve the Class Settlement Agreement; (ii) certify for settlement purposes the Settlement Class; (iii) appoint Alan C. Lee, Peter A. Holland, and Scott C. Borison as Class Counsel; (iv); appoint Plaintiffs as representatives of the Settlement Class; (v) sets dates for Settlement Class members to opt-out of, or object to, the Settlement Agreement; (vi)

2

schedule a hearing for final approval of the agreement; (vii) approve the mailing of notice to Settlement Class members; and (viii) find that the mailing of such notices satisfies the requirements of due process.

## II. ANALYSIS

The Court has considered the procedural history of this case and the parties' filings. Accordingly, the Court **RECOMMENDS** that the Joint Motion [**Doc. 43**] be **GRANTED**.

As an initial matter, the Court notes that the parties have requested conditional certification of the Settlement Class as defined in paragraph 10 of the Settlement Agreement. Paragraph 10 provides as follows:

> (a) All persons sued by Defendants; (b) in the General Session Court of Hamblen County, Tennessee; (c) that had garnishments issued against their wages that included amounts of post-judgment interest or fees that exceeded the amount allowed under Tennessee state law; (d) that made payments to Defendants as a result of the wrongful garnishments issued to their employers by garnishments of wages or direct payment to the clerk between March 16, 2013[,] and ending on April 5, 2016.

[Doc. 43-1 at 4]. The District Judge has already certified this litigation as a class action. *See* [Doc. 29]. The proposed class definition is the same definition that the District Judge certified, except that the proposed class definition includes a time period from March 16, 2013, to April 5, 2016. The proposed definition, however, is in accordance with the District Judge's finding that the three-year statute of limitations governs this action. Accordingly, because the District Judge has already certified the class action and the proposed definition is in accordance with the District Judge's previous ruling, the undersigned finds it unnecessary to conduct another Rule 23 analysis.

Class actions may be settled or compromised only with the approval of the Court and after giving notice of the proposed settlement to the class. Fed. R. Civ. P. 23(e). There is a three-step process that district courts follow when approving a class action settlement:

> (1) the court must preliminarily approve the proposed settlement, i.e., the court should determine whether the compromise embodied in the decree is illegal or tainted with collusion; (2) members of the class must be given notice of the proposed settlement; and (3) a hearing must be held to determine whether the decree is fair to those affected, adequate and reasonable.

*Tenn. Assoc. of Health Maintenance Orgs., Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001). Further, the Court observes that in "determining whether preliminary approval is appropriate, the Court should evaluate whether the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *In re Polyurethane Foam Antitrust Litig.*, No. 10-MD-2196 (JZ), 2012 WL 12868246, at *4 (N.D. Ohio Jan. 23, 2012) (quoting *In re Nasdaq Market–Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).

The Court has reviewed the proposed settlement in this case and recommends that it be preliminarily approved. Here, the parties have represented that simultaneously with their exchange of discovery, they began engaging in extensive arms-length discussions to resolve the litigation. They further explain that they investigated and analyzed the legal and factual issues presented in this action; the risks and expenses involved in pursing the litigation to conclusion; the likelihood of recovering damages in excess of those obtained through the settlement; the protracted nature of litigation; and the likelihood, costs and possible outcomes of one or more substantive appeals. The parties continue that there are approximately 136 people in the settlement class. The parties state that the FDCPA caps a class's recovery at 1% of the debt collector's net worth and that based upon

Defendants' financial statements and the nature of the claims alleged, the parties believe that the agreement is fair and reasonable and in the best interests of the settlement class.

Further, the Court finds that there does not appear to be anything fraudulent or collusive about the negotiations. *See In re Polyurethane Foam Antitrust Litig.*, 2012 WL 12868246, at *4 (explaining that "[c]ourts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary") (quoting *Thacker v. Chesapeake Appalachia, LLC*, 695 F. Sup. 2d 521, 531 (E.D. Ky. 2010)). The Court emphasizes, however, that a final determination of the fairness of the proposed settlement will be determined at a later date. *See id.*

The Court also finds that the plan to notify absent class members is reasonable. *See* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal."). The parties propose that the Class Administrator, First Class, Inc., send notice [Doc. 43-1, Exhibit 1], by U.S. Mail, to the Settlement Class Members. The Court has reviewed the contents of the proposed notice and finds that it is reasonably clear and otherwise conforms to the requirements of Rule 23(c)(2)(B) and 23(e). The proposed notice, however, must be amended to include the deadlines once the Settlement Agreement is preliminarily approved. Further, during the hearing, the Court informed the parties that the undersigned will conduct the fairness hearing. The proposed notice must also be amended to reflect that the fairness hearing will be conducted before the undersigned.

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court **RECOMMENDS**[1] that the Joint Motion for an Order Conditionally Certifying Class and Granting Preliminary Approval of Class Settlement Agreement [**Doc. 43**] be **GRANTED**. The undersigned further **RECOMMENDS** as follows:

1. The Class Settlement Agreement [Doc. 43-1 at 1-15] be preliminarily approved;

2. Alan C. Lee, Peter A. Holland, and Scott C. Borison serve as Class Counsel;

3. Dustin Harbin and Jimmy Pruitt be appointed as the representatives of the Class;

4. Within thirty (30) days of entry of the Preliminary Approval Order, Defendants shall send notice [Doc. 43-1, Exhibit 1] to the class members;

5. Class members shall have forty-five days after the initial mailing of the notice to exclude themselves from, or object to, the settlement agreement. Any settlement class member desiring to exclude themselves from the action must serve copies of the requests on the Class Administrator by the same date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court of the Eastern District of Tennessee, and serve copies of the objection on the Class Administrator by the same date.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

6. Defendants shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) on or before **December 18, 2017**.

7. The undersigned will conduct a final hearing on the fairness and reasonableness of the Settlement Agreement on **March 26, 2018, at 9:30 a.m.**

Respectfully submitted,

_____
United States Magistrate Judge