UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DUSTIN HARBIN and JIMMY PRUITT,    )
on behalf of themselves and the class defined    )
herein,    )
            Plaintiffs,    )
    )
v.    )     No. 3:16-CV-125-TRM-HBG
    )
EMERGENCY COVERAGE CORPORATION    )
and ACCOUNT RESOLUTION TEAM, INC.,    )
    )
            Defendants.    )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 44] of the District Judge.

The parties appeared before the Court on March 26, 2018, for a fairness hearing. Attorney Alan Lee was present on behalf of Plaintiffs. Attorney John Lawhorn was present on behalf of Defendants. The Court observes that no objections were filed to the proposed settlement agreement and that no objections were presented at the fairness hearing. Accordingly, the Court **RECOMMENDS** that the Settlement Agreement [Doc. 43-1] be approved in its entirety.

## I.    BACKGROUND

The Complaint [Doc. 1] in this case was filed on March 16, 2016. The Complaint alleges that Defendant Emergency Coverage Corporation ("Emergency Coverage") issued garnishments against Plaintiffs' employers in Hamblen County General Sessions Court, requesting post-judgment interest that exceeded the amount allowed under Tennessee state law and resulted in wrongful garnishments. [Doc. 1 at ¶ 1]. Plaintiffs seek restitution in the amounts received by Defendant Emergency Coverage in excess of the legal rate of post-judgment interest, pre-judgment

1

interest on the restitution, and punitive damages. [*Id.*]. In addition, Plaintiffs allege that Defendant Account Resolution Team, Inc., ("ART") violated the Fair Debt Collection Practices Act ("FDCPA") in its illegal efforts to collect consumer debts. [*Id.*].

On March 23, 2017, the District Judge granted [Doc. 29] class certification. Specifically, the District Judge certified the following class:

> (a) All persons sued by Defendants; (b) [i]n the General Session Court of Hamblen County, Tennessee; (c) [t]hat had garnishments issued against their wages that included amounts of post judgment interest or fees that exceed[] the amount allowed under Tennessee state law; (d) [t]hat made payments to Defendants as a result of the wrongful garnishments issued to their employers by garnishment of wages or direct payment to the clerk; (e) [i]n the six years preceding the filing of this action, for all persons as to the state law claims; and (f) [i]n the one year preceding the filing of this action, and on or before a date 20 days after the filing of this action, as to the FDCPA claims.

[*Id.*]. Later, the District Judge dismissed several of Plaintiffs' claims, including Plaintiffs' unjust enrichment claim against Defendant Emergency Coverage and Plaintiffs' request for punitive damages. [Doc. 38]. In addition, the District Judge found that Plaintiffs' remaining unjust enrichment claim is governed under the three-year statute of limitations provided in Tennessee Code Annotated § 28-3-105. [*Id.*].

On September 28, 2017, the parties filed a Joint Motion for an Order Conditionally Certifying Class and Granting Preliminary Approval of Class Settlement Agreement [Doc. 43], requesting that the Court (i) preliminarily approve the Class Settlement Agreement; (ii) certify for settlement purposes the Settlement Class; (iii) appoint Alan C. Lee, Peter A. Holland, and Scott C. Borison as Class Counsel; (iv); appoint Plaintiffs as representatives of the Settlement Class; (v) sets dates for Settlement Class members to opt-out of, or object to, the Settlement Agreement; (vi) schedule a hearing for final approval of the agreement; (vii) approve the mailing of notice to

Settlement Class members; and (viii) find that the mailing of such notices satisfies the requirements of due process. The undersigned recommended [Doc. 47] that the Joint Motion be granted, and the District Judge accepted and adopted the undersigned's Report and Recommendation [Doc. 48]. Specifically, the District Judge preliminary approved the Settlement Agreement [Doc. 43-1 at 1-15], subject to final consideration at the fairness hearing on March 26, 2018. In addition, the District Judge instructed Defendants to send notice of the Settlement Agreement to the class members.

On March 9, 2018, Defendants filed the Affidavit of Bailey Hughes, the case manager for First Class, Inc., the class administrator. [Doc. 50]. The Affidavit explains that notices were mailed on December 20, 2017, to 119 class members and that seventeen (17) were returned as undeliverable with no forwarding address or further information from the United States Postal Service. [*Id.* at ¶¶ 6, 8]. As stated above, no objections were filed to the Class Settlement Agreement.

## II.    ANALYSIS

As an initial matter, and as set forth in the Report and Recommendation, the Court finds it unnecessary to conduct a Rule 23 analysis. As previously explained, the Settlement Class as defined in paragraph 10 of the Settlement Agreement provides as follows:

> (a) All persons sued by Defendants; (b) in the General Session Court of Hamblen County, Tennessee; (c) that had garnishments issued against their wages that included amounts of post-judgment interest or fees that exceeded the amount allowed under Tennessee state law; (d) that made payments to Defendants as a result of the wrongful garnishments issued to their employers by garnishments of wages or direct payment to the clerk between March 16, 2013[,] and ending on April 5, 2016.

3

[Doc. 43-1 at 4]. The District Judge has already certified this litigation as a class action. *See* [Doc. 29]. The proposed class definition is the same definition that the District Judge certified, except that the proposed class definition includes a time period from March 16, 2013, to April 5, 2016. The proposed definition, however, is in accordance with the District Judge's finding that the three-year statute of limitations governs this action. Accordingly, because the District Judge has already certified the class action and the definition outlined in paragraph 10 is in accordance with the District Judge's previous ruling, the undersigned finds it unnecessary to conduct another Rule 23 analysis.

Class actions may be settled or compromised only with the approval of the Court and after giving notice of the proposed settlement to the class. Fed. R. Civ. P. 23(e). There is a three-step process that district courts follow when approving a class action settlement:

> (1) the court must preliminarily approve the proposed settlement, i.e., the court should determine whether the compromise embodied in the decree is illegal or tainted with collusion; (2) members of the class must be given notice of the proposed settlement; and (3) a hearing must be held to determine whether the decree is fair to those affected, adequate and reasonable.

*Tenn. Assoc. of Health Maintenance Orgs., Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001). A court may give final approval to a settlement agreement if it is "fair, adequate and reasonable as well as consistent with the public interest." *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 904 (S.D. Ohio Feb. 21, 2001) (quoting *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990)). In making this determination, courts should review the following factors:

> (1) the plaintiff's likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;
>
> (2) the complexity, expense and likely duration of the litigation;

> (3) the stage of the proceedings and the amount of discovery completed;
>
> (4) the judgment of experienced trial counsel;
>
> (5) the nature of the negotiations;
>
> (6) the objections raised by the class members; and,
>
> (7) the public interest.

*Id.* at 904–05 (quoting *In re Dun & Bradstreet Credit Services Customer Litigation,* 130 F.R.D. 366, 371 (S.D. Ohio 1990)).

With the above analysis in mind, the Court turns to the instant matter. Here, the Settlement Agreement provides that Defendant ART will create a class settlement fund of $1,360.00 and that each class member will receive a $10.00 check. The named Plaintiffs will each receive $1,010.00. Further, the shares belonging to any of the settlement class members who cannot be located and any checks that are not cashed by the void date will be donated as a *cy pres* award to the East Tennessee Children's Hospital. Finally, Defendant ART agrees to pay reasonable attorney's fees and costs as provided under 15 U.S.C. § 1692K. During the March 26 hearing, counsel represented to the Court that Defendant ART agreed to pay the attorney's fees but that the parties were trying to resolve the amount of attorney's fees. Counsel for the parties stated that they would like to proceed with the Settlement Agreement and that if they cannot agree on the amount of attorney's fees, they would bring the matter to the Court's attention.[1] The Court observes that the amount of attorney's fees and costs will not be taken out of the settlement fund.

---

[1] On April 13, 2018, the parties filed a Notice Regarding Settlement of Attorney's Fee Claim [Doc. 53]. The Notice states that the total gross fees and costs to be paid to Class Counsel by Defendants as part of the settlement shall be $27,500.00.

5

The Court has considered the above factors and finds that they weigh in favor of approving the Settlement Agreement. The parties have expressly acknowledged that the FDCPA limits class recovery of statutory damages up to the lesser of $500,000.00 or 1% of Defendant ART's net worth. [Doc. 43-1 at ¶ 12]. The parties took discovery, including depositions, and determined that Defendant ART has a negative net worth, meaning that the settlement class is not entitled to statutory damages under the FDCPA. Both attorneys have represented to the Court that they have investigated the legal and factual issues in this action, the risks and expense involved in pursuing the litigation to its conclusion, the likelihood of recovering damages in excess of those obtained through the settlement, the protracted nature of the litigation, and the costs and possible outcomes of one or more appeals. Given these considerations, the parties desire to settle and compromise the litigation. *See In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010) (explaining that while the ultimate decision is within the discretion of the court, "giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate") (quoting *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d 336, 341 (E.D. Pa. 2007)).

The Court further notes that the parties engaged in a healthy motion practice and that both parties were prepared to vigorously advocate for their positions. Further, the Court notes that all parties were represented by competent counsel and that the Settlement Agreement was the result of an arms-length negotiation. In addition, the Court observes that no objections were filed to the Settlement Agreement. Finally, there do not appear to be any countervailing public interests that would suggest that the Court should disapprove the Settlement Agreement. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (explaining that "there is a strong

6

public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources") (quoting *Granada Inv., Inc. v . DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)).

The Court has also considered the issue of attorney's fees. As mentioned above, the parties filed a Notice [Doc. 53], explaining that they have agreed to the amount of attorney's fees. Specifically, Defendants agree to pay Class Counsel $27,500,00. While the Court would typically require Class Counsel to set forth a more detailed and accurate account of the worked performed and the hourly rate charged, the Court nevertheless finds the total amount of $27,500.00 in gross fees and costs to be reasonable given the result achieved and the length of this litigation (i.e., approximately two years). Further, as noted above, Defendants have agreed to pay this amount. Accordingly, the Court finds that the Settlement Agreement is fair, reasonable and adequate.

## III.    CONCLUSION

Accordingly, for the reasons explained above, the Court **RECOMMENDS**[2] that the Settlement Agreement [Doc. 43-1] be approved in its entirety.

Respectfully submitted,

Bruce Guyton

United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7