UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DUSTIN HARBIN and JIMMY PRUITT, on behalf of themselves and the class defined herein, | ) ) ) ) | Case No. 3:16-CV-125 |
| | ) | Judge Travis R. McDonough |
| Plaintiffs, | ) ) | Magistrate Judge H. Bruce Guyton |
| v. | ) ) | |
| EMERGENCY COVERAGE CORPORATION and ACCOUNT RESOLUTION TEAM, INC., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

On April 16, 2018, United States Magistrate Judge H. Bruce Guyton filed his report and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Doc. 54.) Magistrate Judge Guyton recommended that the parties' settlement agreement (Doc. 43-1) be approved in its entirety. (Doc. 54.) Neither party has filed any objections to Magistrate Judge Guyton's report and recommendation.[1] Additionally, as noted by Magistrate Judge Guyton, no objections were filed to the proposed settlement agreement or presented at the fairness hearing. (*Id.* at 1.) Nevertheless, the Court has conducted a review of the report and recommendation, as well as the

---

[1] Magistrate Judge Guyton specifically advised the parties that they had fourteen days in which to object to the report and recommendation and that failure to do so would waive their right to appeal. (Doc. 54, at 7 n.2); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148–51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Even taking into account the three additional days for service provided by Federal Rule of Civil Procedure 6(d), the period in which the parties could timely file any objections has now expired.

record, and it agrees with Magistrate Judge Guyton's well-reasoned conclusions.  Accordingly, the Court will **ACCEPT** and **ADOPT** Magistrate Judge Guyton's report and recommendation (Doc. 54).

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiffs, Dustin Harbin and Jimmy Pruitt ("Plaintiffs"), individually, and as representatives of the class of persons defined below ("Settlement Class"), and Defendants, Account Resolution Team and Emergency Coverage Corporation, the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiffs, Settlement Class members, and Defendants.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> (a) All persons sued by Defendants; (b) in the General Session Court of Hamblen County, Tennessee; (c) that had garnishments issued against their wages that included amounts of post-judgment interest or fees that exceeded the amount allowed under Tennessee state law; (d) that made payments to Defendants as a result of the wrongful garnishments issued to their employers by garnishment of wages or direct payment to the clerk between March 16, 2013 and ending on April 5, 2016.

3. Based on the Parties' stipulations:  (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members; (C) the claim of Plaintiffs are typical of the Settlement Class members' claims; (D) Plaintiffs are appropriate and adequate representatives for the Class and their attorneys, *Alan C. Lee, Peter A Holland, and Scott C Borison*, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 119 Settlement Class members by First Class, Inc., the third-party settlement administrator. A total of seventeen envelopes were returned by the United States Postal Service, none of which were returned with forwarding addresses and re-mailed. No Settlement Class members requested exclusion, and no objections were filed or received. A total of 119 Settlement Class members are entitled to a share of the monetary benefits of the settlement.

5. On March 26, 2018, Magistrate Judge Guyton held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are those persons who timely and validly requested exclusion.

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by PRS. Upon the Effective Date, as that term is defined in the Agreement, Defendants shall make the following payments:

    (a) Defendants shall create a class settlement fund of $1,360.00 ("Class Recovery"), which the Class Administrator shall distribute among those Settlement Class Members who did not exclude themselves ("Claimants"). Claimants will receive a $10.00 payment from the Class Recovery by check. The shares of any of the Settlement Class Members who could not be located will be donated as a *cy pres* award to East Tennessee Children's Hospital, and the award will be expressly earmarked for the benefit of infants afflicted with Neonatal Abstinence Syndrome (NAS). Checks issued to Claimants will be void sixty days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will also be donated as

a *cy pres* award to East Tennessee Children's Hospital for the same purposes.

(b) Defendants shall pay each Plaintiff $1,010.00.

(c) Defendants shall pay into the registry of the Court the sum of $27,500 in payment of Plaintiffs' attorneys' fees and costs incurred in the action and due Class Counsel. Class Counsel shall not request additional fees or costs from Defendants or the Settlement Class members.

8. The Parties grant the following releases:

(a) Plaintiffs, Dustin Harbin and Jimmy Pruitt, including each and every one of their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them (collectively "Releasors"), releases and discharges Defendants, as well as their parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendants) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendants' collection activity.

(b) Each member of the Settlement Class who did not exclude themselves from the Agreement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Defendants' collection activity.

(c) Defendants does NOT release its claims, if any, against Plaintiffs or any member of the Settlement Class for the payment of their debts. The underlying debts Defendants sought to collect are not affected by the Agreement. The Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order.

11. Defendants, after all money has been distributed from the Class Recovery and no later than thirty days after the payment void date, shall file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed.

12. Ten days after the filing of the notice contemplated in ¶ 11 above, the dismissal of the claims of Plaintiffs and the Settlement Class shall be with prejudice and without costs.

13. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

14. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**